IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SARAH CARNEY, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 4:13-CV-2095-KOB |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| **Commissioner of Social Security** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

  This matter comes before the court on the magistrate judge's report and recommendation filed January 12, 2015, recommending that the court affirm the ALJ's decision denying the claimant's applications for disability insurance benefits and supplemental security income. (R. 24). On January 26, 2015, the claimant filed objections to the magistrate judge's report, specifically quoting the magistrate judge's statements from his report to which the claimant specifically objects. (Doc. 25 at 2).

  After carefully reviewing de novo the magistrate judge's report and recommendation, evaluating the claimant's objections to the report and recommendation, and evaluating the entire record in this case to determine if the ALJ applied the proper legal standards and whether substantial evidence supports the ALJ's decision, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation to affirm the ALJ's decision denying disability benefits.

  The court OVERRULES all of the claimant's objections, as they merely re-argue the

1

same points rejected by the magistrate judge.  The claimant argues that the magistrate judge "unreasonably interpreted and extended *Mitchell* to mean that no explanation was required by the Appeals Council in response to new evidence." (Doc. 25 at 4) (citing *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780 (11th Cir. 2014)).  The court disagrees.  The magistrate judge correctly interpreted *Mitchell* for the proposition that the Appeals Council is "not required to explain its rationale for denying a request for review."  *See Mitchell*, 771 F.3d at 784-85.  The court in *Mitchell* noted that the Appeals Council accepted the new evidence, but denied review because "the additional evidence failed to establish error in the ALJ's decision."  *Id.* at 784.  According to the court in *Mitchell*, the law did not require the Appeals Council to explain its rationale or give a detailed discussion regarding all of the new evidence presented to it.  *Id*.

The magistrate judge in this case correctly noted that the Appeals Council specifically referenced all of the new evidence that the claimant submitted to it, but determined that the "Eastside Mental Health Center records dated July 31, 2012, did not provide a basis for changing the ALJ's decision and that the other records did not affect the decision because they were dated after the decision was rendered." (Doc. 24 at 16).  The court agrees with the magistrate judge that the law did not require the Appeals Council to do anything further.

The claimant, in her objections, argues that the magistrate judge incorrectly determined that most of the new records were not chronologically relevant because they did not relate to the period on or before the date of the ALJ decision.  The claimant indicates that, although most of the evidence that the claimant submitted to the Appeals Council is dated after the ALJ's decision, the evidence can still be "chronologically relevant." (Doc. 25 at 7).  However, the claimant fails to explain how such evidence is or can be "chronologically relevant."  She simply makes the

conclusory legal assertion and expects the court to accept her unconvincing and unsupported argument. The court refuses to do so.

After reviewing the evidence that the claimant submitted to the Appeals Council, the court agrees with the magistrate judge's findings regarding all of the evidence that the claimant submitted to the Appeals Council.

Although the court has to conduct a de novo review of the magistrate judge's findings, the court does not conduct a de novo review of the ALJ's findings of fact. After reviewing the entire appeal record, the court agrees with the magistrate judge that the ALJ applied the proper legal standards regarding all of the issues raised by the claimant. The court also agrees with the magistrate judge that substantial evidence supports the ALJ's decision in this case. Thus, the court finds that the ALJ's decision is due to be affirmed.

The court also finds that, for the reasons stated by the magistrate judge in his report and recommendation, the claimant's motion to remand or supplement the record (doc. 12), motion to remand pursuant to sentence six (doc. 13), and motion to remand pursuant to sentence four (doc. 18) are all due to be DENIED.

The court will enter an Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 11th day of March, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE